**REULER–LEWIN & CO., Inc., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 8756.**

United States District Court
D. Colorado.

Nov. 2, 1966.

Maurice Reuler, Denver, Colo., for plaintiff.

Lawrence E. Doxsee, Trial Atty., Dept. of Justice, Washington, D. C., for defendant.

## FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER

CHILSON, District Judge.

### FINDINGS OF FACT

The plaintiff and National Distillers entered into an agreement dated April 15, 1957 (Plaintiff's Exhibit 1) whereby National appointed plaintiff as a distributor in the State of Colorado for its whiskey bottled under the brand name

of Hill and Hill until April 30, 1958. By the terms of the agreement the plaintiff agreed to purchase a designated number of barrels of whiskey during the period of the contract, the whiskey to be evidenced by warehouse receipts. A down payment was made on the whiskey and additional amounts were to be paid upon the withdrawal of the whiskey for bottling. The agreement provided that all the whiskey sold to plaintiff shall be bottled under the brand name of Hill and Hill.

On March 31, 1959, this agreement was extended to March 31, 1960 (Exhibit 2).

In December, 1959, Colorado Beverage Company negotiated with the plaintiff to acquire all of the plaintiff's "right, title and interest in and to" the agreement "and the bulk whiskey covered thereby". As a result of these negotiations and in accordance with directions of National, Colorado Beverage Company wrote National a letter (Exhibit 7) stating, "This is to advise you that we will effective January 5, 1960" purchase from the plaintiff "all of its right, title and interest in and to its agreement with you dated April 15, 1957 and the bulk whiskey covered thereby." The letter also stated, "In consideration of your consent to this transfer we hereby agree to assume all of the obligations of said Reuler-Lewin and Co., Inc., under and pursuant to said agreement, including the payment of the purchase price of bulk whiskey held thereunder." The letter also advised National that Colorado Beverage would purchase the inventory of Hill and Hill whiskey in cases in the plaintiff's hands as of January 5, 1960 and assume plaintiff's obligation to National for any unpaid amount in connection therewith.

The plaintiff wrote National (Plaintiff's Exhibit 8) advising that with National's consent it would, effective January 5, 1960, sell and transfer to Colorado Beverage Company "all our right, title and interest" in and to the agreement and "all bulk whiskey then held thereunder." The letter also advised that the plaintiff would transfer to the Beverage Company the inventory of Hill and Hill whiskey in cases and that the Beverage Company would confirm its acceptance of the plaintiff's obligations under the agreement of April 15, 1957, "including the payment for any bulk whiskey held thereunder, and for the payment of any amount due for merchandise already bottled for us or shipped to us."

The Court finds that in accordance with these exchange of letters, the plaintiff transferred all of its right, title and interest in the agreement of April 15, 1957 to Colorado Beverage Company and all bulk whiskey then held under said contract; that Colorado Beverage Company assumed plaintiff's obligation for the payment of the bulk whiskey held under said agreement and also for the inventory of Hill and Hill whiskey in cases on hand as of January 5, 1960. In addition to the payment for the bulk whiskey and the inventory of bottled whiskey on hand, the Beverage Company also paid to the plaintiff the sum of $10,000.00.

Mr. Crane, President of Colorado Beverage Company, testified that his company charged the $10,000.00 as payment for the whiskey, but he also testified as follows:

Q (By Mr. Doxsee) Why was Colorado Beverage Company interested in obtaining the residual bulk whiskey from Reuler-Lewin instead of just buying all the whiskey it wanted from National Distillers?

A The immediate transfer and sale of a contract of that type is essential. When a distributor knows that he no longer has any vested interest in the product, it is possible to do certain things in the market place which makes it difficult for the succeeding distributor to do business. This is not to accuse Reuler-Lewin of anything, but it is just an inherent problem that exists. Whenever a distributor is advised that he no longer has a label or a product to

sell, his interest immediately diminishes.

Q Could you be more specific with respect to the dangers or the problems inherent in this?

A Oh, a distributor could load the market at prices which were substantially below your normal expectations, make it extremely difficult to sell the customer, or customers, in question for some time to come.

 The Court finds that so far as Colorado Beverage Company was concerned the $10,000.00 was not paid for whiskey or for inventory but was paid to obtain the distributorship contract in order to protect his market for Hill and Hill whiskey.

The Court further finds that the $10,-000.00 was received by the plaintiff as consideration for the transfer of the distributorship and was not received by the plaintiff as a payment for the bulk whiskey or as the present value of income which the plaintiff would otherwise obtain in the future from the sale of the bulk whiskey.

## CONCLUSIONS OF LAW

 The Court concludes as a matter of law that the $10,000.00 was received by the plaintiff from the sale of the distributorship agreement, and that the distributorship agreement is a capital asset within the meaning of Title 26 U.S.C.A. Section 1221.

The Court further concludes that the plaintiff is entitled to a refund of that portion of the taxes paid by the plaintiff which are attributable to the taxation of the $10,000.00 as ordinary income rather than capital gain.

It is therefore ordered that the parties shall within 10 days from this date furnish to the Court a computation of the amount due the plaintiff in accordance with the Court's findings of fact and conclusions of law, and also to submit to the Court a proper form of judgment to be entered in accordance with said findings and conclusions.